UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN BECKLEY, <br><br> Plaintiff, <br><br> v. <br><br> COMMONWEALTH OF MASSACHUSETTS, CHARLIE DUANE BAKER, JR., and MAURA HEALY, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 18-cv-10848-IT <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

ORDER
June 25, 2018

TALWANI, D.J.

Pending before this court is Plaintiff Karen Beckley's Emergency Motion for Temporary Restraining Order and/or Writ of Prohibition ("TRO Motion") [#32]. Plaintiff requests either a 14-day temporary restraining order against the Massachusetts District Court to prevent the court from applying to Plaintiff the Alimony Reform Act of 2011, or in the alternative, an order enjoining any action by the Middlesex Probate Court to suspend Plaintiff's alimony. Mem. in Supp. Pl.'s TRO Mot. at 8-9 [#33]. For the foregoing reasons, Plaintiff's motion is DENIED.

Plaintiff asserts in her Complaint [#1] an as-applied challenge to the Alimony Reform Act of 2011, Mass. Gen. Laws ch. 208, §§ 48-55. Plaintiff alleges that as a result of the statute, her ex-husband initiated state court probate proceedings against her in order to end his alimony payments.[1] Compl. ¶¶ 27-28. Plaintiff seeks a declaratory judgment that the statute violates the

---

[1] Plaintiff alleges in the Complaint [#1] that the reason her husband initiated the state court probate proceeding is that her marriage lasted longer than 15 years and less than 20 years; thus pursuant to the Alimony Reform Act of 2011, her husband is only obligated to pay alimony for 80 per cent of the number of months of the marriage. Compl. at ¶¶ 12, 28. However, pursuant to

Due Process Clause and the Equal Protection Clause. Id. at ¶¶ 38-59. Plaintiff filed her present motion after the probate court scheduled a hearing for August 4, 2018, and her ex-husband's attorney filed a motion to suspend alimony payments beginning on that court date for the remainder of the state court proceeding. Pl.'s TRO Mot. at 1 [#32].

      To obtain the extraordinary remedy of a temporary restraining order, the court "must find: (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction." Planned Parenthood League v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981) (internal quotation marks omitted).

      Plaintiff's motion must be denied because Plaintiff cannot demonstrate a likelihood of success on the merits of her case. Under Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court articulated the federal judiciary's obligation to abstain from adjudicating the merits of federal claims where doing so would interject federal courts into ongoing state criminal prosecutions. "Doctrinal evolution over the next quarter-century brought other types of ongoing state proceedings, including civil actions and administrative adjudications, within the ambit of *Younger* abstention." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 637 (1st Cir. 1996); see, e.g., Monahan v. Sabatis, No. 14-13863-PBS, 2015 WL 13333511, at *5 n.8 (D. Mass. Aug. 10, 2015) (on-going state probate court matter triggers *Younger* abstention doctrine); Cimini v. Massachusetts, No. 11-10211-GAO, 2011 WL 2119192, *3 (D. Mass. May 25, 2011)

---

the documents Plaintiff's ex-husband's attorney filed in the state probate proceeding, see TRO Motion Ex. 1 at 4 [#32-1], her ex-husband is requesting that the alimony payments be suspended because he has reached full retirement age. Nevertheless, for the reasons cited in this order, this court will refrain from reaching the merits of Plaintiff's case.

(same); Munroe v. McGee, 478 F. Supp. 2d. 110 (2007) (same). A federal court must abstain from reaching the merits of a case over which it has jurisdiction where:

> [T]here is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or at least, instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in [her] federal lawsuit.

Brooks, 80 F.3d at 638.

Here, by her own admission, Plaintiff is a party to an on-going state probate proceeding that commenced on March 9, 2018, prior to the filing on this action on May 1, 2018. Any involvement of this court to enjoin the state court proceeding would implicate significant state court interest. See Monroe, 478 F. Supp. at 116 ("The Supreme Court has recognized that the states have an important interest in protecting the authority of the state judicial system, so that its orders and judgments are not rendered nugatory.") (internal citations and quotations omitted). Third, as to the final prong, Plaintiff can raise her constitutional challenges to the statute in her state court proceeding. As her probate proceeding concerns the very issues that she has raised here, Plaintiff is free to challenge the statute as well as the suspension of her alimony payments in that proceeding. Any assessment otherwise "would defile the basic presumption that state courts are fully capable of safeguarding federal constitutional rights." Brooks, 80 F.3d at 639 (internal quotations and citations omitted).

Therefore, for the foregoing reasons, Plaintiff's Emergency Motion for Temporary Restraining Order and/or Writ of Prohibition [#32] is DENIED.

IT IS SO ORDERED.

Date: June 25, 2018                                        /s/ Indira Talwani
                                                           United States District Judge