UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN BECKLEY,<br><br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS;<br>CHARLES DUANE BAKER, JR., in<br>his professional capacity as<br>Governor of Massachusetts<br><br>    Defendants. | No. 18-cv-10848-IT |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION TO EXPAND THE RECORD AND/OR LEAVE TO AMEND COMPLAINT TO INCLUDE ATTACHED AFFADAVIT AND EXHIBITS**

CABELL, U.S.M.J.

    This matter arises from an ongoing Middlesex County Probate and Family Court ("Probate Court") proceeding involving plaintiff Karen Beckley and her ex-husband. Beckley's ex-husband has asked the court to modify his alimony based in part on Massachusetts Alimony Reform Act of 2011 (the "Act"). Although the court has not yet acted on the request and, as explained below, will not rule on the request, Beckley has brought a *pro se* action challenging the constitutionality of the

Act, naming as defendants the Commonwealth, its governor and the state attorney general.[1]

The defendants move to dismiss on various grounds. (D. 40). The plaintiff opposes the motion and has also moved to expand the record or for leave to amend her complaint (D. 45-46). Both motions have been referred to this court for a Report and Recommendation (D. 14).

Of significance, the court has learned that since filing this federal action, Beckley and her ex-husband have reached an agreement to resolve the Probate Court matter. According to the Probate Court docket, a copy of which this court has obtained and takes judicial notice of, Beckley and her ex-husband filed a "Stipulation for Judgment on Complaint for Modification" with the Probate Court on February 15, 2019. Beckley agrees in that filing that she will "forthwith dismiss her pending case in the United States District Court District of Massachusetts (Case #: 1:18-CV-10848)." Consistent with this development, the docket reflects that the status of the ex-husband's request for modification is "Closed."

Most recently, on February 27, 2019, the plaintiff confirmed in a voicemail message to this court's Clerk's office

---

[1] Beckley did not list the attorney general as a defendant in the case caption, but she did list her as one in the complaint (Dkt. No. 1 at ¶ 5). The defendants have made it clear that their motion to dismiss is filed on behalf of all defendants, including the attorney general. (D. 49).

that the parties have reached an agreement resolving the Probate Court matter. The plaintiff indicated that she intended to dismiss the federal matter as soon as her ex-husband deposited a certain amount of funds into her account, as agreed to in their stipulation for judgment.

In this court's view, the settlement of the Probate Court matter unquestionably moots the present federal matter. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). In light of the new information made available to the court, there is simply no "live" issue for the court to adjudicate. On the contrary, it is clear that the Probate Court does not intend to and will not proceed to act on the ex-husband's claim for modification of alimony, and therefore will not take any action implicating the constitutional concerns raised by the plaintiff in her federal complaint. In short, there is no live case or controversy over which the federal court may exercise jurisdiction. *See Quincy Oil, Inc. v. Fed. Energy Admin.*, 472 F. Supp. 1233, 1236 (D. Mass. 1979). Accordingly, the complaint should be dismissed on mootness grounds.

Independently, the plaintiff's federal claim should be dismissed because it is not yet ripe. Pertinent here, the Act permits a party to seek to terminate or lower their alimony

payments if the marriage at issue lasted less than 20 years. Although the plaintiff's ex-husband requested relief under the Act based on the duration of the couple's marriage, he also requested relief on other grounds, and the Probate Court could just as plausibly choose to grant (or deny) his request without ever considering or applying the Act.[2] Given the possibility that the Probate Court thus might not even deign to consider the Act, this court finds that the claim is simply not ripe and therefore should not be considered. *Reddy v. Foster*, 845 F.3d 493, 501 (1st Cir. 2017) ("[R]ipeness doctrine seeks to prevent the adjudication of claims relating to 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998))); *see also Provost v. Mass. Dep't of Corr.*, 284 F. Supp. 3d 117, 122 (D. Mass. 2018) (finding plaintiff's § 1983 claims unripe where dependent on ruling of state court proceeding).

And, because the plaintiff's federal claim is both moot and unripe, it would be futile to grant the plaintiff leave to expand the federal record or amend her complaint to include "affidavits and exhibits" illustrating the Probate Court's purported refusal to allow her to raise the same constitutional challenge she raises here. *Resolution Trust Corp. v. Gold*, 30

---

[2] For example, Beckley's ex-husband also asked for relief on the ground that he had reached full retirement age, a basis outside the scope of the Act.

F.3d 251, 253 (1st Cir. 1994) (stating that a motion for leave to amend must be denied if amendment would be futile).

For all the foregoing reasons, the Defendants' Motion to Dismiss (Dkt. No. 40) should be ALLOWED with respect to all named defendants, including the Commonwealth of Massachusetts, Governor Charles Baker, and Attorney General Maura Healey.  The court further recommends that the plaintiff's motion for leave to amend (Dkt. No. 46) be DENIED.[3]

/ s /Donald L. Cabell\_\_\_\_\_
Donald L. Cabell, U.S.M.J.

DATED: March 1, 2019

---

[3] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).